**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LIBERTY AUTO GLASS, INC.; AMERICAN AUTO GLASS, INC.; ARION ENTERPRISES, INC. d/b/a Heartland Auto Glass; BOULAY AUTO GLASS, INC.; MIDAMERICA AUTO GLASS, INC.; BUYRITE AUTO GLASS, INC. d/b/a Rapid Auto Glass; and ALL GLASS MINNESOTA;<br><br>                              Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE ASSURANCE COMPANY, DEERBROOK INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, FIRST COLONIAL INSURANCE COMPANY, and NORTHBROOK INDEMNITY COMPANY,<br><br>                              Defendants. | Civil No. 06-4491 (JRT/FLN)<br><br><br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT** |

Steven J. Weintraut, **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401, for plaintiffs.

Jason M. Hedican, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendants.

Plaintiffs are Minnesota companies that repair and replace automobile glass. Defendants have been licensed to sell automobile property and casualty insurance in Minnesota. Plaintiffs have brought claims of consumer fraud, deceptive trade practices, and false advertising, alleging that defendants advertise and issue insurance policies that state that the companies provide the statutory minimum automobile glass coverage but then impose coverage ceilings that are below the statutory minimum. Defendants have filed a motion to dismiss or for summary judgment on all of plaintiffs' claims. For the reasons discussed below, the Court denies defendants' motion.

## BACKGROUND

Plaintiffs allege that during the relevant time period (August 1, 2000 to present) defendants included automobile glass repair and replacement in their automobile insurance policies to Minnesota customers. Plaintiffs further allege that defendants "represented to the public, the Glass Shops, and the Insureds, both expressly and impliedly, that [their] Policies complied with law and that the Policies included Glass Coverage at least equal to the Minimum Coverage [required by law]." (Compl. ¶ 21.) The Minnesota Unfair Claims Practices Act ("UCPA") comprehensively regulates the manner in which insurance claims are administered in Minnesota, including defendants' payment of automobile glass repair and replacement. Minn. Stat. § 72A.201, subd. 6(14). The UCPA specifically requires defendants to provide certain minimum coverage on glass claims. *Id.* Plaintiffs further allege that defendants "intentionally and purposefully adopted and consistently adhered to a routine but illegal Practice (the 'Practice') of

delaying and refusing to provide to its Insureds the full Minimum Coverage under the Policies for the Jobs." (Compl. ¶ 22.)

Plaintiffs filed a complaint in state court, and defendant removed to this Court on November 13, 2006. The complaint alleges that defendants have violated the Consumer Fraud Act,[1] the Minnesota Deceptive Trade Practices Act,[2] and the False Advertising Act,[3] and seeks damages, injunctive relief, and attorneys' fees. Defendants have filed a motion to dismiss or, alternatively, for summary judgment on all of plaintiffs' claims.[4]

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all

---

[1] Minn. Stat. §§ 325F.69, *et. seq.*

[2] *Id.* §§ 325D.44, *et. seq.*

[3] *Id.* §§ 325F.67, *et. seq.*

[4] Defendants' motion is treated as a motion for summary judgment because this Court considered two affidavits submitted by defendants.

reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     STANDING TO PURSUE CLAIMS AGAINST THREE DEFENDANTS

Defendants first argue that plaintiffs lack standing to pursue claims against three defendants. Specifically, defendants assert by affidavit that Allstate Fire and Casualty Insurance Company has not done business in Minnesota from 2000 to present, and that Allstate Assurance Company and First Colonial Insurance Company have not written policies in Minnesota containing automobile glass coverage from 2000 to present. Defendants argue that plaintiffs lack standing because, as Minnesota corporations, they could not have been harmed by anything that these three defendants allegedly did.

Plaintiffs agree that if the three defendants at issue did not sell any policies with automobile glass coverage in Minnesota during the relevant period, then plaintiffs' claims against those defendants must be dismissed. However, plaintiffs at oral argument urged the Court to allow plaintiffs to engage in discovery before dismissing these claims. The Court agrees with plaintiffs that dismissal of claims against these defendants is premature. The Court expects that if plaintiffs through discovery confirm the assertions in defendants' affidavits, plaintiffs will voluntarily concede these claims. If not, defendants may file a second motion to dismiss. The Court therefore denies without prejudice defendants' motion to dismiss on this basis.

**III.   JURISDICTION**

Defendants next argue that this Court does not have subject matter jurisdiction over plaintiffs' fraud claims because the claims must be submitted to arbitration. Minnesota's No-Fault Act requires all automobile glass claims under $10,000 to be submitted to binding arbitration. Minn. Stat. § 65B.525, subd. 1. In addition, the UCPA, which requires insurance companies to provide certain minimum coverage on glass claims, does not include a private cause of action. *Morris v. Am. Family Mut. Ins. Co.*, 386 N.W.2d 233, 238 (Minn. 1986). This legal framework requires plaintiffs to bring before an arbitration panel any claims asserting that a defendant breached its contracts with its insureds by failing to pay in full invoices for glass repair.

Defendants assert that this legal framework similarly prevents this Court from exercising jurisdiction over plaintiffs' fraud claims. Defendants argue that plaintiffs' fraud claims turn on defendants' alleged wrongful failure to pay insurance benefits under their automobile insurance contracts, and therefore plaintiffs must first establish through arbitration that plaintiffs are entitled to the insurance benefits before pursuing the fraud claims.

This Court addressed this issue in *Laysar, Inc. v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 2063929 (D. Minn. Aug. 25, 2005). The Court held that while the No-Fault Act precluded breach of contract claims, it did not preclude the plaintiff's claims for consumer fraud, deceptive trade practice, or false advertising. *Id.* at *2. The Court reasoned that the fraud claims were broader than the breach of contract claims. The fraud claims covered all automobile policies sold by the defendant because the plaintiff claimed

that the defendant misrepresented what it intended to cover under the policies. *Id.* In contrast, the breach of contract claims arose only when customers of the defendant had their auto glass repaired or replaced. *Id.* The gravamen of the breach of contract claims was merely whether the defendant was required to pay the repair invoices in full. *Id.*

Defendants try to escape the holding in *Laysar*, but the Court is not persuaded by their argument. It is true that fraud claims and breach of contract claims both require that plaintiffs establish that they are entitled to the insurance benefits, but the fact that fraud claims and breach of contract claims share this one element of proof does not compel plaintiffs to submit the fraud claims to binding arbitration. The fraud claims broadly allege that defendants made intentional misrepresentations in their policies and in the course of promoting their policies, and these claims are properly before this Court. The Court therefore denies with prejudice defendants' motion on this basis.

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss or, Alternatively, for Summary Judgment [Doc. No. 14] is **DENIED**.

DATED:   May 30, 2007                                     s/ John R. Tunheim    _
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                          United States District Judge