UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Liberty Auto Glass, Inc. et al.                              Civil No. 06-4491 (JRT/FLN)

    Plaintiffs,

    v.                                                      **ORDER**

Allstate Fire and Casualty Insurance Co.,

    Defendant.

_____

Steven J. Weintraut for Plaintiffs
Steven W. Wilson for Defendants

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 29, 2007, on Defendants' Motion to Preclude Jerry D. Mattison from Testifying as an Expert Witness and Striking His "Expert Report," or Alternatively, a Renewed Motion to Dismiss Pending Arbitration [#99].[1] Defendant seeks to exclude Plaintiffs' expert and strike his expert report, which provides an opinion regarding " . . . glass pricing in general, and what constitutes a competitive price that is fair and reasonable . . .." (Fifth Affidavit of Mark Thieroff, Ex. A, 2.) Defendant argues that Plaintiffs' expert report does not meet the requirements of Rule 702 of the Federal Rules of Evidence.

Rule 702 of the Federal Rules of Evidence governs testimony by experts and states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

---

[1]As the Court grants the primary relief sought by Defendant, there is no need to consider the alternative relief set forth in the motion.

-1-

(3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Mattison relies on his experience in the auto glass repair industry, his arbitration experience, and an auto glass pricing survey prepared for the Minnesota Department of Commerce to support his opinions.  However, Mattison provides no insight as to how these three things led to his opinions.  Mattison's expert report does not identify any principles or methods used to reach his conclusions or demonstrate that his  opinions are the product of "reliable principles and methods" applied to the facts of this case.

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Preclude Jerry D. Mattison from Testifying as an Expert Witness and Striking His "Expert Report"[#99] is **GRANTED**.

DATED: November 6, 2007

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge