# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LIBERTY AUTO GLASS, INC.; AMERICAN AUTO GLASS, INC.; ARION ENTERPRISES, INC. d/b/a Heartland Auto Glass; BOULAY AUTO GLASS, INC.; MIDAMERICA AUTO GLASS, INC.; BUYRITE AUTO GLASS, INC. d/b/a Rapid Auto Glass; and ALL GLASS MINNESOTA, | Civil No. 06-4491 (JRT/FLN) |
| Plaintiffs/Counterclaim Defendants, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNTITY COMPANY; ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE ASSURANCE COMPANY; DEERBROOK INSURANCE COMPANY; ENCOMPASS INDEMNITY COMPANY; FIRST COLONIAL INSURANCE COMPANY; and NORTHBROOK INDEMNITY COMPANY, | |
| Defendants/Counterclaimants. | |

Steven J. Weintraut and Mark H. Thieroff, **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401, for plaintiffs/counterclaim defendants.

Jason M. Hedican, R. Scott Davies, and Steven W. Wilson, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendants/counterclaimants.

The plaintiffs in this case are Minnesota corporations engaged in the repair and replacement of auto glass. The defendants ("Allstate") collectively constitute an insurance company that frequently is asked to pay for plaintiffs' services. Plaintiffs allege that defendants have adopted a practice of unlawfully refusing to pay for the full cost of those services. Plaintiffs submitted a motion to compel discovery, asking for a variety of documents and other information related to the manner in which Allstate calculates glass repair payments. In an order dated September 10, 2007, United States Magistrate Judge Franklin L. Noel summarily granted that motion in part and denied it in part.[1] This matter is now before the Court on defendants' objections to that order. For the reasons set forth below, the Court overrules those objections and affirms the order of the Magistrate Judge.

## ANALYSIS

### I. STANDARD OF REVIEW

This Court's review of a Magistrate Judge's order on a non-dispositive matter is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court will reverse the order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Local Rule 72.2(a). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence

---

[1] The order also dealt with plaintiffs' motion to amend the pretrial scheduling order and defendants' motion for a protective order. Neither party has appealed those portions of the order, and the Magistrate Judge's rulings on those matters are affirmed.

is left with the definite and firm conviction that a mistake has been committed." *Reko*, 70 F. Supp. 2d. at 1007 (quotation omitted).

## II.     DEFENDANTS' OBJECTIONS

Defendants' object to the Magistrate Judge's handling of four specific document requests and one interrogatory. Plaintiffs' document requests 4 and 8 and interrogatory 22 seek information related to the glass repair and replacement work performed by the plaintiffs over a seven-year period. Defendants contend that this request is inappropriately broad and burdensome, and ask that plaintiffs be required to identify the specific instances where they believe they were underpaid. Plaintiffs respond that *all* of their work is relevant, rather than merely occasions where they were allegedly underpaid, because they intend to demonstrate defendants' systematic approach to underpaying glass repair companies. Plaintiffs argue that this eliminates the need for defendants to take up the burdensome task of sorting through their work records to identify possible underpayments.

Defendants also object to document requests 13 and 15. Document request 15 seeks various documents related to the "operational and financial performance" of defendants' handling of auto glass repair claims. Request 13 seeks any documents which evaluate the "effects or outcome" of any "method, system, policy, procedure, or practice" that defendants used in setting payments for these glass repair claims. Defendants argue that requests 13 and 15 are too broad and too vague to provide them with meaningful

-3-

guidance. Plaintiffs respond that defendants understood the business practices referenced in these requests well enough to deny them in answering earlier Requests for Admission.

Under Rule 26 of the Federal Rules of Civil Procedure, the Court may limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). The party opposing discovery bears the burden of showing that the discovery request is overly broad and burdensome. *See Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 515-16 (D. Minn. 1992).

The Court finds that the Magistrate Judge did not clearly err in determining that defendants failed to meet that burden here. Plaintiffs' request for documents related to all of its work orders will likely implicate a large number of documents. However, as plaintiffs point out, these documents are potentially critical to their claim that defendants' underpayment for glass repairs followed a pattern. Moreover, the Court must view plaintiffs' request in light of the broad, liberal construction generally given to the discovery rules. *See generally Edgar v. Finley*, 312 F.2d 533, 535 (8th Cir. 1963); *Mead*, 145 F.R.D. at 522 ("In determining relevancy, a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action."). Accordingly, the Court finds that the Magistrate Judge did not

clearly err when it determined that the inconvenience defendants will suffer in producing those documents is outweighed by their potential value.

As to document requests 13 and 15, plaintiffs are correct that defendants' prior filings suggest at least some understanding of what plaintiffs are seeking. *See* Defendants' Response to Plaintiffs' Motion to Compel, Docket No. 67 at 15 (noting that request 13 appeared to be seeking "the same type of operational or results-oriented information they seek in Document Request No. 15"). Defendants' conclusory allegation that these requests are "indecipherable" is not enough to show that the Magistrate Judge's ruling on those requests was clearly erroneous.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the defendants' objections [Docket No. 79] are **OVERRULED** and the Magistrate Judge's Amended Order dated September 10, 2007 [Docket No. 75] is **AFFIRMED**.

DATED:   January 16, 2008                             s/ John R. Tunheim           _
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                         United States District Judge